UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| CHRIS IRWIN, et al.,<br><br>        Plaintiffs,<br><br>vs.<br><br>TENNESSEE VALLEY AUTHORITY, et al.,<br><br>        Defendants. | No. 3:12-cv-35<br><br>(Campbell/Shirley) |

## ORDER

Plaintiffs allege that Defendant Tennessee Valley Authority (TVA) violated their First Amendment rights to free speech when the TVA Board issued and enforced a written policy prohibiting any member of the public who was "dressed in costume" from attending public TVA Board meetings. TVA has since withdrawn that "no costume" policy, and now it seeks dismissal on the basis that the court lacks subject matter jurisdiction because there is no live case or controversy between the parties. For the reasons set forth below, the court GRANTS TVA's Motion to Dismiss for Lack of Subject Matter Jurisdiction on Mootness Grounds.

## BACKGROUND

Plaintiffs alleged in their complaint that the federal agency Tennessee Valley Authority (TVA) and its security officer Steve Kelly violated their First Amendment rights by issuing and carrying out a "no costume" policy that unconstitutionally restricts free speech at public TVA

board meetings. The Plaintiffs also named "John and/or Jane Doe (officers of T.V.A.)" as defendants. According to the Plaintiffs' original complaint, the Doe Defendants are persons "employed by T.V.A., who authorized and directed the actions which deprived Plaintiffs of their First Amendment rights." (Compl. ¶ 13 (Docket No. 1).)

On March 12, 2013, the court held a hearing on pending motions, including TVA's motion to dismiss the Plaintiffs' claims, and on April 17, 2013, the court ruled on the pending motions. All but one of the claims and defendants were dismissed, either by the court's order or through stipulation by or concession of the parties. In particular, the court dismissed the Plaintiffs' civil rights complaint against TVA security officer Steve Kelly after finding that he was shielded from suit by the doctrine of qualified immunity. (See Apr. 17, 2013 Order (Docket No. 24).) (Mr. Kelly enforced the "no costume" policy against the Plaintiffs.)

The one remaining claim is Plaintiffs' First Amendment claim against TVA. Technically, the "John and/or Jane Does (officers of TVA)" were still listed a defendants.

On May 30, 2013, TVA filed a notice with the court stating that TVA "has informed Plaintiffs' counsel by letter that TVA has withdrawn the TVA policy guidelines for attire at TVA Board listening sessions, which formerly read: 'To help ensure the safety and security of all participants, members of the public dressed in costume will not be allowed to enter the listening session.'" (Docket No. 30.) Given TVA's voluntary withdrawal of the policy, TVA now seeks dismissal.

## ANALYSIS

In Plaintiffs' remaining claim, they request a declaration that TVA violated their First Amendment rights and a permanent injunction prohibiting TVA from excluding those dressed in

2

costume from future public meetings. With the "no costume" policy withdrawn, TVA contends that the issue is moot and the court no longer has subject matter jurisdiction over Plaintiffs' action because no case or controversy exists. Plaintiffs argue that the conduct is likely to recur and so the issue is not moot. Plaintiffs also assert that the court may not dismiss the case because the Doe Defendants still remain. (See Pls.' Opp'n (Docket No. 36) at 1 ("[T]here has been no explicit order from the Court dismissing the claims against John and/or Jane Doe.").

**Mootness**

"Article III of the Constitution confines the power of the federal courts to adjudication of 'cases' or 'controversies.'" Kentucky Right To Life, Inc. v. Terry, 108 F.3d 637, 644 (6th Cir. 1997). If there is no live case-or-controversy, the case is moot and the court does not have jurisdiction. Id. ("The mootness doctrine, a subset of the Article III justiciability requirements, demands a live case-or-controversy when a federal court decides a case."). Repeal of an allegedly unconstitutional rule typically moots a party's claims for declaratory and injunctive relief. Id. ("Legislative repeal or amendment of a challenged statute while a case is pending . . . usually eliminates this requisite case-or-controversy because a statute must be analyzed by the . . . court in its present form."). But where the government agency voluntarily repeals the statute, the case may still prevent a live case-or-controversy if the allegedly wrongful behavior may reasonably be expected to recur. Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc., 528 U.S. 167, 189-90 (2000). Under this exception to the mootness doctrine, a defendant who voluntarily ceases the allegedly unlawful conduct generally bears a heavy burden to demonstrate mootness. Id.

Plaintiffs contend that TVA has not met the heavy burden imposed by courts. The court

3

disagrees.

First, TVA, as a government actor, is entitled to a presumption of good faith. In Bench Billboard Co. v. City of Cincinnati, 675 F.3d 974 (6th Cir. 2012), the Sixth Circuit distinguished Laidlaw, which involved actions by a private, non-governmental, entity. The Sixth Circuit "noted that 'cessation of the allegedly illegal conduct by government officials has been treated with more solicitude by the courts than similar action by private parties' and that 'such self-correction provides a secure foundation for a dismissal based on mootness so long as it appears genuine.'" Id. at 981 (quoting Mosley v. Hairston, 920 F.2d 409, 415 (6th Cir. 1990).) See also Kentucky Right To Life, Inc., 108 F.3d at 645-46 (in pre-Laidlaw ruling, the Sixth Circuit found that repeal of ordinance usually moots the challenge, and distinguished case where government had expressly announced its intention to reenact the unconstitutional ordinance if the case was dismissed as moot); Sossamon v. Lone Star State of Texas, 560 F.3d 316, 325 (5th Cir. 2009) ("Although Laidlaw establishes that a defendant has a heavy burden to prove that the challenged conduct will not recur once the suit is dismissed as moot, government actors in their sovereign capacity and in the exercise of their official duties are accorded a presumption of good faith because they are public servants, not self-interested private parties."); Federation of Adver. Indus. Representatives, Inc. v. City of Chicago, 326 F.3d 924, 929-30 (7th Cir. 2003) ("To adopt [the plaintiff's] view that mere repeal is insufficient to moot a case would essentially put this court in the position of presuming that the City has acted in bad faith—harboring hidden motives to reenact the statute after we have dismissed the case—something we ordinarily do not presume.").

Second, the Plaintiffs have not presented evidence that would alter that presumption.

4

According to Plaintiffs, the TVA's withdrawal of the policy is not genuine because TVA's "self-correction . . . was done essentially to avoid further litigation" after suit had already been filed and TVA has not "recognized its wrongful behavior[.]" (Pls.' Opp'n at 5-6.) But Plaintiffs only offer speculation and unremarkable circumstantial evidence to support their position. For example, the Plaintiffs point out that "T.V.A. has denied, and continues to deny, that the no costume policy was unlawful." (Id. at 6.) They say that "T.V.A. has never indicated that the current status quo (no rule or policy being in place) is intended to be permanent or long lasting." (Id.) Then, pointing out that the next scheduled TVA Board meetings are in August 2013 and November 2013, they speculate that, based on history, TVA has the wherewithal to quickly re-institute the policy and is likely to do so. (Id. ("[T]he process through which T.V.A. makes such policies can be extremely abbreviated, as evidenced by the quick nature in which they instituted and withdrew the policy."). They further conclude "that the proposed rule change by T.V.A. is not genuine and is clearly for the purpose of avoiding litigation and that this is not a case where the government recognized its wrongful behavior and self-corrected." (Id.)

Cases in the Sixth Circuit hold that such facts do not rebut the presumption of good faith. For instance, a defendant need not to admit that the challenged conduct is unconstitutional before the court will consider the conduct to be genuine. See, e.g., Bench Billboard, 675 F.3d at 982 (noting that withdrawal of challenged ordinance without admitting to any unconstitutional conduct did not preclude a finding that the case was moot); Federation Adver. Indus. Representatives, Inc., 326 F.3d at 928 (finding case moot after city withdrew ordinance even though city did not concede unconstitutionality of ordinance). And the fact that the policy withdrawal occurred after litigation commenced does not bar a finding of good faith. See, e.g.,

5

New England Reg'l Council of Carpenters v. Kinton, 284 F.3d 9 (1st Cir. 2002) (challenge to policy that was revised after litigation began was moot regardless of whether the suit prompted the revision); Comm. for First Amendment v. Campbell, 962 F.2d 1517, 1525-26 (10th Cir. 1992) (same); Hudson v. Robinson, 678 F.2d 462 (3d Cir. 1982) (same). Courts have also rejected the argument that the case was not moot because the governmental entity could simply reenact the offending policy. See, e.g., Federation of Adver. Indus. Representatives, Inc., 326 F.3d at 930 (refusing to presume that government will immediately reenact after dismissal of the suit "unless there is evidence creating a reasonable expectation that the City will reenact the ordinance or one substantially similar."); Sossamon, 560 F.3d at 325 ("government actors in their sovereign capacity and in the exercise of their official duties are accorded a presumption of good faith because they are public servants, not self-interested private parties. Without evidence to the contrary, we assume that formally announced changes to official governmental policy are not mere litigation posturing."). Here, the Plaintiffs offer speculation but no evidence that TVA intends to reenact the "no costume" policy. That is not enough to avoid the mootness doctrine. Cf. City of Mesquite v. Aladdin's Castle, 455 U.S. 283, 289 n.11 (1982) (refusing to hold that the case was moot, citing to the fact that the city had announced its intention to reenact the provision if the case was dismissed).

For all of the reasons set forth above, the court finds that TVA's withdrawal of the "no costume" policy renders this case moot.

**John and Jane Doe Defendants**

Plaintiffs nevertheless attempt to revive the litigation by contending that the claims against the Doe Defendants still exist. In response, TVA argues that when Officer Kelly was

6

dismissed under the doctrine of qualified immunity, the Doe Defendants, who were in the same shoes as Officer Kelly, were, for all practical purposes, also dismissed.[1]

TVA is correct. The Doe Defendants were dealing with an area of law that was not clearly established, as the court has already held. (See Apr. 17, 2013 Order (Docket No. 24).) They too would be protected by the doctrine of qualified immunity. Harlow v. Fitzgerald, 457 U.S. 800, 807 (1982). The ruling on Officer Kelly essentially applied to the Doe Defendants as well. Accordingly, the technicality that they are still listed as defendants does not save the Plaintiffs from dismissal of this case.

## **CONCLUSION**

For the reasons set forth above, the court finds that the case is moot and that the court lacks subject matter jurisdiction. Accordingly, the court GRANTS Defendant TVA's Motion to Dismiss for Lack of Subject Matter Jurisdiction on Mootness Grounds (Docket No. 32). The Clerk of the Court is directed to close the matter.

SO ORDERED this 30th day of July, 2013.

BY THE COURT:

*Tena Campbell*
TENA CAMPBELL
U.S. District Court Judge

ENTERED AS A JUDGMENT
  s/ *Debra C. Poplin*
  CLERK OF COURT

---

[1] TVA alternatively contends that any claim against an unidentified John or Jane Doe is untimely because adding a specific individual to the complaint now would be barred by the one-year statute of limitations. In response, the Plaintiffs insist that the claims against the Doe Defendants would relate back to the filing of the original complaint, so the claims would not be time-barred. The court does not reach that issue.